IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DANIELLE BRIGHTMAN,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:24-CV-02886-L-BT** |
| | § | |
| **STATE FARM MUTUAL** | § | |
| **AUTOMOBILE INSURANCE** | § | |
| **COMPANY,** | § | |
| | § | |
| Defendant. | § | |

**ORDER**

On January 21, 2026, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 7) was entered, recommending that the court **grant** Defendant State Farm Mutual Automobile Insurance Company ("Defendant" or "State Farm") Rule 12(b)(6) Motion to Dismiss ("Motion") (Doc.21) and dismiss Plaintiff Danielle Brightman's ("Plaintiff" or "Ms. Brightman") claims without prejudice. The magistrate judge determined that Defendant's Motion should be granted and Plaintiff's claims should be dismissed without prejudice. No objections to the Report have been filed, and the 14-day period to object after service of the Report has passed. *See* Fed. R. Civ. P. 72(b)(1)(2); 28 U.S.C. § 636(b)(1)(C). Ms. Brightman did file a Second Amended Complaint on January 27, 2026, and a request to amend her Complaint (Doc. 32) ("Request") on February 6, 2026.

Magistrate Judge Rebecca Rutherford determined that Plaintiff's claims should be dismissed because "Texas law generally bars an injured third-party from suing a liability insurer directly." Report at 1. The court **agrees**.

**Order – Page 1**

Plaintiff's claim arises from an automobile accident, in which, she argues, the other driver—insured by Defendant—was at fault and Defendant failed to fully pay for her losses. *Id.* Magistrate Judge Rutherford notes that "in Texas, an injured party—like Plaintiff—cannot sue the at-fault party's insurance company directly except in some cases." *Id.* at 2-3 (citing *Petty v. Great W. Cas. Co.*, 783 F. App'x 414, 415 (5th Cir. 2019)). Such a suit is only permissible "if: (1) the insurance company is by statute or contract directly liable to the person injured or damaged; or (2) the tortfeasor's liability has been finally determined by agreement or judgment." *Id.* at 3 (citing Tex. R. Civ. P. 38(c), 51(b); *Angus Chem. Co. v. IMC Fertilizer, Inc.*, 939 S.W.2d 138, 138 (Tex. 1997) (per curiam)). Plaintiff did not allege that Defendant is directly liable to her by statute or contract; nor did she plead that the other driver's liability has been determined by a final judgment or otherwise. Magistrate Judge Rutherford found that Plaintiff has not shown standing to bring a direct action against Defendant. *Id.* at 3-4.

As Plaintiff "has already filed an amended complaint, and her claims are still fatally infirm," Magistrate Judge Rutherford found that granting leave to amend would be futile and cause unnecessary delay in resolving this action. *Id.* at 4. Therefore, Magistrate Judge Rutherford recommends that Plaintiff's case be dismissed without prejudice.

Plaintiff's Second Amended Complaint and request to amend her Complaint were filed after the Report. In Plaintiff's Second Amended Complaint, she does not assert that Defendant's liability has been finally determined by agreement or judgment, but she does list her claims are under Texas Insurance Code § 541.001 and Texas common law; however, as Magistrate Judge Rutherford had noted "A third-party tort claimant in Texas also has no direct cause of action for extra-contractual liability against a liability insurer (i) at common law, (ii) under the Texas Deceptive Trade Practices–Consumer Protection Act, or (iii) under the Texas Insurance Code." *Id.*

Order – Page 2

at 3 (citing *Jones v. CGU Ins. Co.*, 78 S.W.3d 626, 629 (Tex. App.—Austin 2002, no pet.) (citing

*Allstate Ins. Co. v. Watson*, 876 S.W.2d 145, 149 (Tex. 1994))). Accordingly, the court finds that

granting leave to amend would be futile and cause needless delay.

After considering the pleadings, file, record, Report, and applicable law, the court

**determines** that the findings and conclusions of the magistrate judge are correct, and **accepts** them

as those of the court. Accordingly, the court **grants** Defendant's Motion, **dismisses without**

**prejudice** Plaintiff's claims, and grants Plaintiff's Request to amend her complaint. The court

**directs** the clerk of court to file Plaintiff's Third Amended Complaint.

**It is so ordered** this 31st day of March, 2026.

Sam A. Lindsay
United States District Judge